UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| ANTHONY GALLIPEAU, ) | Civil No. 3:19-cv-00175 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | COMPLAINT |
| NEWELL BRANDS, INC., ) | |
| ) | |
| Defendant. ) | |

Plaintiff, Anthony Gallipeau ("Gallipeau" or "Plaintiff"), by and through counsel, brings this action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Newell Brands, Inc. ("Newell" or "Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) and he seeks to recover unpaid overtime compensation and statutory penalties during the three-year period preceding the filing of this Complaint.

2. Plaintiff's FLSA claims result from Defendant's policy and practice of misclassifying his position as "exempt" under the FLSA and failing to pay him overtime compensation for hours worked in excess of 40 in a workweek.

## THE PARTIES

3. Gallipeau is an adult individual who is a resident of Huntersville, North Carolina.

4. Newell is a foreign corporation registered and in good standing in the State of North Carolina.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

6. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

7. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

## COVERAGE ALLEGATIONS

8. Newell is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

11. Gallipeau was an employee of Defendant within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Newell is a global consumer goods company with a portfolio of brands including Rubbermaid.

14. Newell employed Gallipeau in its information technology (IT) support department.

15. Gallipeau provided technology support in connection with Newell's computer hardware, computer software, printers, and communication equipment.

16. Gallipeau did not work as a computer systems analyst, computer programmer, or software engineer, as defined in 29 C.F.R. § 541.400(a).

17. Gallipeau's primary duties did not include the higher-level skills of "applications of systems analysis techniques and procedures" pursuant to 29 C.F.R. § 541.400(b)(1).

18. Gallipeau did not analyze, consult, or determine hardware, software programs or any system functional specifications for Defendant's clients pursuant to 29 C.F.R. § 541.400(b)(1).

19. Gallipeau did not consult with Newell's customers to determine or recommend hardware specifications. Gallipeau did not develop, document, analyze, create, test or modify a computer system or program as defined in 29 C.F.R. § 541.400(b)(2).

20. Newell paid Gallipeau on a salary basis but did not pay him an overtime premium for hours worked in excess of forty in a workweek.

21. Newell employed Gallipeau from October 2015 until June 2018.

22. Gallipeau regularly worked in excess of 40 hours during the majority of the workweeks he was employed by Newell.

23. During the period April 2016 through June 2018, Gallipeau estimates he worked 50 - 58 hours per week, depending on the work demands of the particular week.

24. Newell knew or should have known that Gallipeau regularly worked in excess of 40 hours in a workweek because Newell's management told Gallipeau and other salaried employees that salaried employees were expected to work at least 50 hours a week and Gallipeau regularly informed his supervisors and coworkers that he was working late hours during the week and was present in Newell's offices outside of regular work hours.

25. During the period April 2016 until June 2018, Gallipeau worked overtime hours for which he was not timely paid nor paid at a rate one and one-half times his regular rate of pay.

26. Gallipeau estimates in good faith that during the period April 2016 through June 2018, he worked 1,596 hours of overtime.

27. Defendant did not accurately track and record the hours worked by Gallipeau as required by the FLSA.

28. Defendant willfully failed to pay Gallipeau the overtime premium required by the FLSA during the three-year period prior to the filing of this lawsuit.

**(Violation of FLSA – Overtime)**

29. Plaintiff incorporates by reference paragraphs 1-28 of his Complaint.

30. Defendant violated the FLSA by failing to timely pay all overtime wages earned by Plaintiff.

31. Defendant violated the FLSA by failing to pay Plaintiff an overtime premium rate of pay for all hours worked in excess of forty in a workweek.

32. Defendant violated the FLSA by failing to comply with the timekeeping and recordkeeping provisions of the FLSA.

33. Defendant's violation of the FLSA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid overtime wages due to Plaintiff and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff;

b) An Order awarding the costs of this action;

c) An Order awarding reasonable attorneys' fees;

d) A Declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

e) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

f) An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis, NCSB #48582
Jason Chestnut NCSB #52066

5

GIBBONS LEIS, PLLC
14045 Ballantyne Corporate Place, Ste 325
Charlotte, North Carolina 28277
Telephone:	(704) 612-0038

E-Mail:	phil@gibbonsleis.com
	craig@gibbonsleis.com
	jason@gibbonsleis.com